[No. 38634-4-I.   Division One.   July 21, 1997.]

*In the Matter of the Marriage of* C.M.C., *Appellant,* and D.W.C., *Respondent.*

*H. Michael Fields* and *Anderson & Fields*; and *Michael Hoover,* for appellant.

*William A. Buchanan,* for respondent.

WEBSTER, J. — C.M.C. appeals from the court's entry of a parenting plan. She argues that the trial court erred in ordering joint decision-making after finding that her husband had engaged in a history of acts of domestic violence. The question presented is one of statutory interpretation: whether RCW 26.09.191(1) prohibits mutual decision-making whenever there is a history of acts of domestic violence or only when the violence causes grievous bodily injury or fear of such injury. We hold that the statute requires sole decision-making upon a finding of a history of acts of domestic violence regardless of whether those acts caused grievous bodily harm. Accordingly, we reverse.

## FACTS

Mr. and Mrs. C. have two young children. The court's parenting plan provided that the children would reside with the mother and visit with the father on an increasing basis as they got older. The trial judge found that the father had a history of acts of domestic violence and ordered him to continue his participation in an anger management and domestic violence treatment program. But she ordered the parents to make major education, health care, and religious decisions jointly because the history of domestic violence did not result in grievous bodily injury or the fear of such injury.

## DISCUSSION

The mother contends that the trial court erred in ordering joint decision-making authority after it found a history of domestic violence by the husband.

A trial court's decision regarding parental decision-making is ordinarily reviewed for an abuse of discretion. *In re Marriage of Jensen-Branch*, 78 Wn. App. 482, 490, 899 P.2d 803 (1995). But the interpretation of a statute is a question of law, which we review de novo. *Our Lady of*

*Lourdes Hosp. v. Franklin County*, 120 Wn.2d 439, 443, 842 P.2d 956 (1993).

A court's discretion to grant joint decision-making is limited by statute in certain circumstances. RCW 26.09.191(1) provides that

> The permanent parenting plan shall not require mutual decision-making . . . if it is found that a parent has engaged in . . . *a history of acts of domestic violence as defined in RCW 26.50.010(1)*[1] or an assault or sexual assault *which causes grievous bodily harm or the fear of such harm.*

(Emphasis added).

The question presented is whether the phrase "which causes grievous bodily harm or the fear of such harm" modifies "a history of acts of domestic violence."

■ The trial court determined that the father had a history of acts of domestic violence, as defined by statute, which occurred throughout the marriage and increased in number and intensity in the last two years of the marriage. The father does not assign error to this finding of fact, so it is a verity on appeal. *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 808, 828 P.2d 549 (1992). The trial court interpreted RCW 26.09.191(1) as requiring sole decision-making only when the history of domestic violence resulted in grievous bodily injury or the fear of such injury. The court reasoned that the purpose of the statutory limitation was to protect a parent who fears abuse from negotiating disputes about the children, and determined that such protection was not necessary in this case.

■■ The primary objective of statutory construction is to carry out the Legislature's intent by examining the language of the statute. *Stone v. Chelan County Sheriff's*

---

[1] "'Domestic violence' means (a) Physical harm, bodily injury, assault, or the infliction of fear of imminent physical harm, bodily injury or assault, between family or household members; (b) sexual assault of one family or household member by another; or (c) stalking as defined in RCW 9A.46.110 of one family or household member by another family or household member." RCW 26.50.010(1).

*Dep't*, 110 Wn.2d 806, 809-10, 756 P.2d 736 (1988). Statutes should not be construed so as to render any portion meaningless or superfluous. *Id.* at 810.

A plain reading suggests that the phrase "which causes grievous bodily harm or the fear of such harm" modifies only "an assault or sexual assault." Construing the statute as the father suggests (requiring that both a history of domestic violence and an assault cause grievous bodily harm) would render the history of domestic violence prong meaningless because one would never have to prove a history of violence that caused grievous injury, but only one incident of assault that resulted in such injury.

Moreover, the legislative history of the statute supports this construction. When the Parenting Act of 1987 was first enacted, the provision at issue prohibited mutual decision-making when the court found that one parent engaged in

> a history of acts of domestic violence as defined in RCW 26.50.010(1) or an act of domestic violence which rises to the level of a felony.

RCW 26.09.191(1) (1987). The commentary to the proposed Parenting Act states that the term "history of domestic violence" was intended to exclude "isolated, de minimus incidents which could technically be defined as domestic violence." 1987 PROPOSED PARENTING ACT, REPLACING THE CONCEPT OF CHILD CUSTODY, *Commentary and Text* 29 (1987). Thus, the statute originally prohibited mutual decision-making when a court found either (1) a single act of domestic violence that rose to the level of a felony or (2) a history, or pattern, of domestic violence that did not necessarily rise to the level of a felony.

In 1989, the Legislature amended the statute, replacing the phrase "or an act of domestic violence which rises to the level of a felony" with the current phrase "or an assault or sexual assault which causes grievous bodily harm or the fear of such harm." LAWS OF 1989, ch. 375, § 11. This suggests that the Legislature intended to keep the

two options of the 1987 statute — a history of domestic violence or one serious incident — but changed the definition of the serious incident.

■ We recognize that the trial court carefully fashioned a parenting plan that it deemed appropriate for this particular family. The Parenting Act limits the court's ability to do so under these circumstances, however. Because the statute requires sole decision-making upon a finding of a history of domestic violence, the trial court abused its discretion in awarding mutual decision-making.[2]

■ Both parties request attorney fees for this appeal. The appellate court has the discretion to order a party to pay the other party's attorney fees and costs associated with the appeal of a dissolution action. RCW 26.09.140. In exercising our discretion, we consider the arguable merit of the issues on appeal and the parties' financial resources. *In re Marriage of King*, 66 Wn. App. 134, 139, 831 P.2d 1094 (1992). In order for us to consider their financial resources, both parties must file financial declarations prior to 10 days before the date of oral argument. RAP 18.1(c). Because neither party filed an affidavit, we do not consider their requests. *In re Marriage of Crosetto*, 82 Wn. App. 545, 565-66, 918 P.2d 954 (1996).

We reverse and remand.

KENNEDY, A.C.J., and ELLINGTON, J., concur.

Review granted at 134 Wn.2d 1019 (1998).

---

[2]When the court finds a history of acts of domestic violence, the Parenting Act also restricts the court's ability to order a nonjudicial dispute resolution mechanism and, in some circumstances, requires limitations on the abusing parent's residential time. RCW 26.09.191. Because neither party assigned error to the trial court's orders on these related matters, we do not address them.