[No. 46913-4-I. Division One. March 18, 2002.]

*In the Matter of the Marriage of* BARRY FRANCIS SCANLON, *Appellant*, and BONNIE JEAN WITRAK, *Respondent*.

*Barry Francis Scanlon*, pro se.

*Carol Farr* (of *Law Offices of Leonard W. Moen*), for respondent.

AGID, C.J. — Barry Scanlon appeals a decision denying his motion for CR 60(b) relief from a judgment for child support arrearage entered in favor of his former wife, Bonnie Witrak. Scanlon maintains that the trial court's ruling is improper because Washington lacked subject matter jurisdiction. We reverse because, at the time of the child support order and judgment, Georgia retained continuing, exclusive jurisdiction over child support.

## FACTS

Barry Scanlon and Bonnie Witrak, both physicians, dissolved their marriage in 1987 by decree of divorce in Georgia, where the parties lived during their marriage and Scanlon continues to reside. The decree awarded custody of the parties' two children to Witrak. The court ordered Scanlon to pay $350 monthly child support for each child until their 18th birthdays and to reimburse Witrak for their children's uninsured medical and dental expenses.

On August 6, 1998, Witrak filed a motion for child support arrearage in Washington. Scanlon's response did not raise an objection to jurisdiction, and before the final order was entered on April 8, 1999, Scanlon did not object to jurisdiction even though he filed several additional plead-

ings and his first and second attorneys each filed a declaration.

On November 17, 1998, Scanlon filed a petition for support modification, also in Washington.[1] In this petition, he stated that the court had jurisdiction over the parents because Witrak and their children reside in Washington.[2]

On April 8, 1999, the order and judgment for child support arrearage was entered, including $9,201 for back child support and $1,000 for attorney fees to Witrak.

On April 10, 2000, Scanlon filed a motion for CR 60(b) relief from the April 8, 1999 order. He contended the order was obtained through gross irregularities and fraud and that the court lacked jurisdiction. Commissioner Leonid Ponomarchuk denied his motion on May 25, 2000, and awarded Witrak $1,000 in attorney fees. Scanlon appeals the order denying his CR 60(b) motion.

## DISCUSSION

■■ On appeal, Scanlon maintains that the April 1999 judgment for child support arrearage awarded to Witrak should be vacated under CR 60(b) because the trial court lacked subject matter jurisdiction. Witrak contends that Scanlon's argument cannot be raised for the first time on appeal because it is an improper collateral attack on the underlying judgment. Witrak's argument is without merit because Scanlon is appealing only the order denying his CR 60(b) motion. That a favorable ruling on appeal would vitiate the underlying order does not convert this into an appeal of that order and judgment. In any case, lack of trial court jurisdiction may be raised for the first time on appeal.[3]

---

[1] In a separate appeal, Scanlon appealed an order for modification of child support that increased his child support obligation. We reversed this order in *In re Marriage of Scanlon*, 109 Wn. App. 167, 34 P.3d 877 (2001).

[2] A Washington court also clarified Scanlon and Witrak's divorce decree at Scanlon's request six years earlier.

[3] RAP 2.5(a)(1) and (3).

■■■ We will not overturn a trial court's decision on a motion to vacate a judgment under CR 60(b) unless it plainly appears that the trial court abused its discretion. Discretion is abused when exercised on untenable grounds or for untenable reasons.[4] But, a court has a nondiscretionary duty to vacate a void judgment.[5]

■ In *In re Marriage of Brown*,[6] the Supreme Court approved the following approach to evaluating a claim that the court lacked subject matter jurisdiction when the challenge is made after a judgment has been entered:

> When a court has rendered a judgment in a contested action, the judgment precludes the parties from litigating the question of the court's subject matter jurisdiction in subsequent litigation except if:
>
> (1) The subject matter of the action was so plainly beyond the court's jurisdiction that its entertaining the action was a manifest abuse of authority; or
>
> (2) *Allowing the judgment to stand would substantially infringe the authority of another tribunal or agency of government*; or
>
> (3) The judgment was rendered by a court lacking capability to make an adequately informed determination of a question concerning its own jurisdiction and as a matter of procedural fairness the party seeking to avoid the judgment should have opportunity belatedly to attack the court's subject matter jurisdiction.[7]

Here, Scanlon may contest the trial court's subject matter jurisdiction because the Washington order for support arrearage infringed on Georgia's continuing, exclusive jurisdiction.

■ Scanlon maintains that the Washington order is void because neither he nor Witrak registered the Georgia

---

[4] *M.A. Mortenson Co. v. Timberline Software Corp.*, 93 Wn. App. 819, 837, 970 P.2d 803 (1999), *aff'd*, 140 Wn.2d 568, 998 P.2d 305 (2000).

[5] *Allstate Ins. Co. v. Khani*, 75 Wn. App. 317, 323, 877 P.2d 724 (1994).

[6] 98 Wn.2d 46, 653 P.2d 602 (1982).

[7] RESTATEMENT (SECOND) OF JUDGMENTS § 12 (1982) (emphasis added) (quoted in *In re Marriage of Brown*, 98 Wn.2d at 50).

decree in Washington or consented to Washington's jurisdiction in writing. Witrak argues that Scanlon waived jurisdiction because he did not assert the argument by motion or in any responsive pleadings and because he petitioned a Washington court for modification of child support. Witrak's argument has great appeal because Scanlon has freely availed himself of our courts when it suited him to do so. But because the Uniform Interstate Family Support Act (UIFSA) applies and in the absence of compliance with its requirements, Georgia retains continuing, exclusive jurisdiction over this matter, we must reverse the court's denial of his CR 60(b)(5) motion.

UIFSA has been adopted in both Washington and Georgia.[8] Under UIFSA, the state issuing a child support order retains continuing, exclusive jurisdiction

> (a) As long as [the state issuing the order] remains the residence of the obligor, the individual obligee, or the child for whose benefit the support order is issued; or
>
> (b) Until [each party has] filed written consent[] with the tribunal of this state for a tribunal of another state to modify the order and assume continuing, exclusive jurisdiction.[9]

Because Scanlon is a resident of Georgia and written consent to change jurisdiction over child support was not filed with that state, Georgia retains continuing, exclusive jurisdiction over child support issues unless the Georgia child support order was registered in Washington under RCW 26.21.490.

Under RCW 26.21.480, "[a] support order or an income-withholding order issued by a tribunal of another state may be registered in this state for enforcement." A support order of another state may be registered in Washington by sending the required documents to the support enforcement agency or to the superior court of any county in this state

---

[8] *See* ch. 26.21 RCW; GA. CODE ANN. § 19-11-110 to -118.

[9] RCW 26.21.115(1)(a), (b); GA. CODE ANN. § 19-11-114(a); *see also* RCW 26.21.115(4), .135(1), (4); GA. CODE ANN. § 19-11-114(d).

where the obligor resides, works, or has property.[10] Among the statutory requirements for registering is "[a] letter of transmittal to the tribunal requesting registration and enforcement."[11] Once an out of state child support order is properly registered in this state, Washington courts must recognize and enforce the order.[12] Witrak asserts that Scanlon registered the decree in Washington, but there is no proof in the record that he did. Scanlon denies her assertion, and we have no basis on which to disagree. Because the parties barely addressed this issue in their briefs, we conducted our own research, including review of SCOMIS (Superior Court Management Information System) and ACORDS (Appellate Court Record and Data System), to determine whether the Georgia decree was registered in Washington and found no indication that it was. Because Georgia retains continuing, exclusive jurisdiction, the order for support arrearage is void, and the trial court should have granted Scanlon's CR 60(b) motion.[13] Because this disposes of the appeal, we need not address Scanlon's alternate grounds for reversing the denial of his CR 60(b) motion.

 Both Scanlon and Witrak request attorney fees and costs on appeal. Witrak asserts that she should be awarded fees under RAP 18.9 because Scanlon's appeal is frivolous and deliberately confusing. Scanlon asserts that we should award fees to him under RAP 18.1 and RCW 26.09.140 because Witrak made numerous false representations to the trial court and filed frivolous motions to delay and confuse the trial court. In deciding whether to award attorney fees and costs on appeal, we consider the parties'

---

[10] *See* RCW 26.21.490(1).

[11] RCW 26.21.490(1)(a).

[12] *In re Marriage of Erickson*, 98 Wn. App. 892, 896, 991 P.2d 123 (2000) (citing RCW 26.21.500(2), (3), .570).

[13] We recognize that this holding may appear to be inconsistent with our recent opinion in *In re Marriage of Scanlon*, but neither party raised the issue of subject matter jurisdiction there.

financial resources and the arguable merit of the issues.[14] Scanlon prevailed on appeal so, by definition, his appeal is not frivolous. Witrak is not entitled to fees on this basis. Scanlon failed to file a financial affidavit as required by RAP 18.1, and his request is therefore denied. Both requests for fees are denied.

Reversed.

GROSSE and KENNEDY, JJ., concur.

Reconsideration denied April 25, 2002.

Review denied at 147 Wn.2d 1024 (2002).

---

[14] *In re Marriage of C.M.C.,* 87 Wn. App. 84, 89, 940 P.2d 669 (1997), *aff'd sub nom. In re Marriage of Caven,* 136 Wn.2d 800, 966 P.2d 1247 (1998).