[No. 17183–6–I.   Division One.   April 29, 1987.]

*In the Matter of the Marriage of* CAROL J. OCHSNER, *Appellant, and* RUSSELL N. HILLS, *Respondent.*

*William Lawrie* and *Lawrie & Gilbert,* for appellant.

*John Fox,* for respondent.

SCHOLFIELD, C.J.—Carol J. Ochsner (formerly Hills) appeals from an order reducing her ex–husband's maintenance obligation, arguing there was no substantial change of circumstances to justify the modification and the court exceeded its jurisdiction and abused its discretion. We affirm.

Ochsner and her former husband, Russell Hills, were separated in 1982. In September of that year, the parties attended a judicial settlement conference. In the documents Hills submitted for that conference, he represented that the family business, his sole source of income, had sustained operating losses in excess of $8,000 for the first 6 months of 1982, was in dire financial straits and was not generating any income for him. Subsequently, the parties agreed to a settlement, and a decree of dissolution was entered by the court in October. The decree provided that Hills pay monthly maintenance of $300 until May 1984, and thereafter, $600 per month to Ochsner "during her lifetime".

In August 1984, Hills petitioned for a modification of maintenance, claiming a substantial change in circumstances had occurred since the entry of the decree, namely, a drastic decline in the family business. Ochsner's motion to dismiss the action was denied by the court commissioner, and the matter proceeded to trial in April 1985.

Hills' business, Thorne Enterprises, Ltd., d/b/a Geo–Dynamics Company, had been incorporated since the divorce. Russell Hills owned 30 percent of the company's stock, his new wife, Susan, 40 percent and his father the remainder. At the modification hearing, Hills testified that, whereas the business had employed approximately 20 people in 1982, there were now only 2 employees besides himself and his wife. Susan Hills testified that it was now necessary for her to work 50 to 60 hours per week in the business, and Mr. Hills told the court he was working 70 to 80 hours per week.

Hills stated that he did not know at the time the original decree was entered what his income was, but personal income tax returns introduced as evidence indicated that he had in fact earned more than $22,000 in 1982, and that he and his new wife, who were unmarried at the time but were living together, had combined income before adjustments of approximately $42,000. In 1983, they earned more than $49,000. However, in 1984, Mr. and Mrs. Hills had combined wages and salaries of just $10,000 and total combined

income of only $23,274. Corporate tax returns showed that between January 1, 1983, and January 31, 1985, Geo–Dynamics had accrued a running net total loss in excess of $22,000.

Ochsner sought to admit as evidence the settlement documents from the original dissolution proceeding, wherein Hills bemoaned the financial condition of his business in 1982. She argued that Hills' 1982 tax return, which was not filed until 7 months after the original decree, was not before the dissolution court, and therefore, urged the trial court not to consider it in determining whether a substantial change of circumstances had occurred since that time.

The court ruled, however, that evidence regarding the settlement negotiations was inadmissible under ER 408 (offers to compromise) and relied instead upon Hills' 1982 tax return as a reflection of his true financial condition at the time the original decree was entered. The court ruled that a substantial change in circumstances had occurred because of the decline in Hills' business and the corresponding decline in his personal income. Accordingly, the court reduced Hills' maintenance obligation to $400 per month, with an increase of $50 per month for every $15,000 of additional gross corporate receipts over $419,796 per annum (four times the corporate receipts for the first quarter of 1985) to a maximum of $600.

The court also ordered the parties to exchange copies of their W–2 forms, corporate and individual, annually, and provided a formula whereby Hills' maintenance obligation would be reduced should Ochsner's uninsured expenses for psychologists and therapists fall below an average of $200 per month for a 6–month period. The court retained jurisdiction of the matter for review following the filing of the parties' 1986 tax returns, and ruled that the parties should bear their own attorney's fees.

Initially, we address Ochsner's contention that the court erred by refusing to admit exhibit 13, Hills' 1982 settlement letter addressed to the settlement court with an attached financial affidavit and proposed settlement agreement. It

was in these documents that Hills claims his business was failing and in the red in an amount over $8,000. The court ruled the documents inadmissible under ER 408, offers to compromise.[1] We need not decide, however, whether exhibit 13 was properly excluded since the court admitted the most crucial evidence contained in those documents in the form of exhibit 14, a copy of the financial affidavit Hills submitted for settlement. Therefore, even if exhibit 13 was erroneously excluded, the error was harmless.

## SUBSTANTIAL CHANGE IN CIRCUMSTANCES

We turn next to the question of whether Hills established that a substantial change in circumstances entitled him to a modification of the maintenance award. Ochsner argues the court erred by relying upon Hills' 1982 tax return, filed after the original decree was entered, rather than looking at the representations Hills made to the court in 1982 that he had no income. We disagree.

In the absence of a provision in a separation agreement to the contrary, maintenance or support may be modified by the court, but only upon the showing of a substantial change of circumstances that was not within the contemplation of the parties at the time the decree was entered. *Wagner v. Wagner,* 95 Wn.2d 94, 98, 621 P.2d 1279 (1980); RCW 26.09.170. The phrase "change in circumstances" refers to the financial ability of the obligor spouse to pay vis–a–vis the necessities of the other spouse. *Bartow v. Bartow,* 12 Wn.2d 408, 121 P.2d 962 (1942).

The determination whether a substantial and material

---

[1] "Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. This rule does not require exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution." ER 408.

change has occurred which justifies modification of maintenance or support is within the discretion of the trial court, and will not be reversed on appeal absent abuse of discretion. *Lambert v. Lambert,* 66 Wn.2d 503, 508, 403 P.2d 664 (1965). Abuse occurs where the court's decision is entered on grounds either manifestly unreasonable or clearly untenable. *Hume v. Hume,* 74 Wn.2d 319, 320–21, 444 P.2d 804 (1968).

Ochsner maintains that, since Hills represented at the time the original decree was entered that his business was failing and that he had no income, he cannot now make the same claim as a basis for asserting that a substantial change in circumstances has occurred that was not within the contemplation of the parties.

However, Hills testified at the modification hearing that he did not know what his income was at the time the original decree was entered. More importantly, we note that in the findings entered by the court in 1982, the only reference to Hills' financial situation at that time was "[t]hat [Hills] is currently employed and manages the family business known as 'Geodynamics'." Consequently, the modification court was not bound by any specific findings in the original decree relevant to Hills' financial condition at that time. In our view, the court was free, therefore, to consider whatever relevant evidence was available to make that determination. With that in mind, we hold that the court did not abuse its discretion by relying upon Hills' 1982 tax return, which reflected his actual income for that year, rather than the representations he made during the course of settlement negotiations, when, presumably, he was posturing to negotiate the best possible settlement for himself.

In conclusion, despite what Hills might have represented during settlement negotiations in 1982, the reality is that his income has substantially declined since that time. Therefore, a substantial change in circumstances had occurred, which justified the trial court's modification of the maintenance award.

Ochsner also contends, however, that the court had no authority and abused its discretion by providing for the escalation clause and reporting requirements in its modification order. She contends further that the court was obliged to dispose of the issues before it and could not retain jurisdiction. We will discuss each of these contentions in turn.

## ESCALATION CLAUSE

We agree with Hills that, as in the case of child support, the court had the authority to provide for an escalation clause. A child support obligation may properly be set as a percentage of the obligor parent's income if it is related to that parent's ability to pay and the need of the child and if a maximum amount is set after considering all relevant factors. *In re Marriage of Edwards,* 99 Wn.2d 913, 665 P.2d 883 (1983). The *Edwards* court recognized that such clauses insure judicial flexibility in fashioning child support orders and avoid modification proceedings, which are costly, traumatic, and wasteful of scarce judicial resources. *Edwards,* at 918.

In the case at bar, the court provided for an increase in Hills' monthly maintenance obligation to a maximum amount of $600 based upon increases in the receipts of the corporation, which was Hills' sole source of income. This provision was reasonably and rationally related to the problems and issues before the court and served many of the salutary benefits noted in *Edwards.* The maximum of $600 was the amount originally agreed to by the parties in their decree of dissolution and, by tying increases in Hills' maintenance obligation to increases in his company's income, the court avoided any possibility that Hills could hide his personal assets in those of his closely held corporation.

Ochsner maintains, however, that there are significant differences between child support and maintenance; for example, maintenance can be made nonmodifiable while support cannot. Not only do we fail to see the significance

of this difference, here, the maintenance was not made nonmodifiable.

## REPORTING REQUIREMENTS

Ochsner assigns error to the court's requirement that she provide proof of her monthly expenses for psychologists and therapists. However, she provides no authority or argument in support of this assignment of error. She merely states that it is strange that the court singled out these two expenses and placed the burden of proving them upon her.

■ To begin with, a contention neither argued nor supported by citation of authority need not be considered on appeal. *Tokarz v. Frontier Fed. Sav. & Loan Ass'n,* 33 Wn. App. 456, 656 P.2d 1089 (1982). In any event, these expenses were apparently singled out because they were not covered by insurance and therefore had a direct effect upon Ochsner's needs regarding maintenance.

## RETENTION OF JURISDICTION

Relying upon *In re Marriage of Little,* 96 Wn.2d 183, 194, 634 P.2d 498 (1981), Ochsner argues the trial court was required to enter a final and conclusive judgment resolving the issues before it, and could not retain jurisdiction. The issue in *Little* was whether a court could enter a decree of dissolution and defer its decision on ancillary issues such as custody, support, maintenance and division of property until a later time. The court held that RCW 26.09 does not authorize the bifurcation of dissolution and ancillary relief.

■ The case at bar is distinguishable. It arose in the context of a motion for modification, not a dissolution proceeding, and the court did not defer its decision, but rather, retained jurisdiction for a limited period of time in order to review and determine the efficacy of its ruling. Nothing in the modification statute, RCW 26.09.170, precludes this sort of procedure. It has been held, moreover, that the jurisdiction of the court entering a decree of dissolution is continuing as to maintenance. *Heuchan v. Heuchan,* 38 Wn.2d 207, 213, 228 P.2d 470, 22 A.L.R.2d 1410 (1951).

In conclusion, we find no error in the trial court's deci-

sion to modify the maintenance award or the means the court chose to do so.

## ATTORNEY'S FEES

■ Finally, Ochsner assigns error to the trial court's denial of her attorney's fees. RCW 26.09.140 provides in pertinent part that:

> The court from time to time after considering the financial resources of both parties may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under [the dissolution] chapter and for reasonable attorney's fees . . . in connection therewith . . .
>
> Upon any appeal, the appellate court may, in its discretion, order a party to pay for the cost to the other party of maintaining the appeal and attorney's fees in addition to statutory costs.

The award of attorney's fees is within the sound discretion of the court and depends upon the need of the recipient and the other party's ability to pay. *In re Marriage of Melville*, 11 Wn. App. 879, 526 P.2d 1228 (1974).

At the conclusion of the modification hearing, both parties sought an award of their attorney's fees and costs. A separate hearing was held on the issue, both parties submitted affidavits of fees and costs, both argued need and the ability of the other to pay, and both accused the other of intransigence in the litigation. The trial court ruled that each party should bear his or her own fees and costs.[2]

Ochsner argues the court's decision was in error. However, no report of the proceedings before the trial court on that issue, if indeed one was made, has been presented in this appeal. An appellate court need not consider alleged error when the need for additional record is obvious, but it has not been provided. *Heilman v. Wentworth*, 18 Wn. App. 751, 571 P.2d 963 (1977), *review denied*, 90 Wn.2d 1004 (1978); *Bich v. General Elec. Co.*, 27 Wn. App. 25, 614

---

[2]Since no report of these proceedings was provided for this court, we have relied in our analysis of this issue upon the respondent's brief for this summary of the facts.

P.2d 1323, 10 A.L.R.4th 842 (1980). In light of that fact, and considering the decision was one of trial court discretion, we affirm.

█ Both parties have requested their attorney's fees on appeal as well. Ochsner cites RAP 18.1, but does not cite the applicable law under which she has the right to recover, RCW 26.09.140, nor has she attempted to make a showing of her need or Hills' ability to pay during the course of this appeal. Attorney's fees on appeal will be denied where the record is devoid of evidence as to the relative needs and abilities of the parties to pay attorney's fees during the time the appeal was pending. *In re Marriage of Young,* 44 Wn. App. 533, 538, 723 P.2d 12 (1986).

Hills maintains that he is entitled to attorney's fees, either because Ochsner's appeal is frivolous, or because he does not have the ability to pay his own attorney's fees. Again, Hills does not cite RCW 26.09.140 or attempt to make a showing of need and Ochsner's ability to pay. Thus, attorney's fees are denied on this ground for the reasons stated above. Hills also fails to cite any applicable authority in support of his frivolous appeal claim. *See Tokarz v. Frontier Fed. Sav. & Loan Ass'n, supra.*

█ An appeal is frivolous when the issues raised are so devoid of merit that there is no reasonable possibility of reversal. *In re Marriage of Healy,* 35 Wn. App. 402, 667 P.2d 114 (1983). We hold this appeal was not frivolous. In sum, we decline to award attorney's fees to either party in this appeal.

The judgment of the trial court is affirmed.

WILLIAMS and WEBSTER, JJ., concur.

Review denied by Supreme Court July 1, 1987.