FILED
COURT OF APPEALS
DIVISION II

2014 MAR 19 AM 8: 48

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

In the Matter of the Marriage of:

MARIUSZ K. KOWALEWSKI,

                              Appellant,

        and

BARBARA B. KOWALEWSKA,

                              Respondent.

No. 44197-7-II

UNPUBLISHED OPINION

MAXA, J. – Mariusz Kowalewski appeals an order denying his motion for an award of

costs and attorney fees in an action involving Barbara Kowalewska's attempt to collect on a

judgment for back child support, claiming the trial court erred in not finding that Barbara was

intransigent, that the hold harmless clause in the divorce decree applied, and that Barbara's

claims were frivolous. We affirm.

On October 22, 1996, Barbara filed a petition for dissolution of her marriage to Mariusz.[1]

On January 8, 1997, the trial court entered a judgment for back child support of $952.78. On

July 12, 1999, the superior court clerk administratively dismissed the dissolution petition.[2]

_____

[1] Because this case involves parties with similar last names, we refer to the parties by their first names for clarity. We intend no disrespect.

[2] Except where noted, most of the procedural facts are derived from the court dockets as the appellant has not provided these records nor has he filed a motion to transfer the records from

No. 44197-7-II

On December 1, 2003, Mariusz filed another petition for dissolution. After a lengthy trial, the superior court entered a decree of dissolution on March 25, 2005, that included the following hold harmless provision:

> 3.6 HOLD HARMLESS PROVISION.
> Each party shall hold the other party harmless from any collection action relating to separate or community liabilities set forth above, including reasonable attorney's fees and costs incurred in defending against any attempts to collect an obligation of the other party.

Clerk's Papers at 4.

Mariusz appealed the division of their properties in Poland. This court affirmed. Our Supreme Court also affirmed. *See Kowalewski v. Kowalewska*, 163 Wn.2d 542, 182 P.3d 959 (2008).

On April 30, 2008, the trial court denied Barbara's motion to extend the back child support judgment, explaining that the judgment was subsumed in the 2005 divorce decree and therefore was res judicata. Both parties appealed that decision but then voluntarily dismissed their appeals on July 31, 2008. On the same day, this time acting pro se, Barbara petitioned for and received an order extending the judgment under the first cause. She then asked the Division of Child Support (DCS) to enforce the order.

Mariusz filed a motion to vacate the extended judgment and to impose sanctions. The trial court ordered Barbara to pay Mariusz the $300 that DCS had garnished from him.

---

their previous appeals. *See* RAP 10.3(a)(5) ("Reference to the record must be included for each factual statement."); RAP 9.2(b) ("A party should arrange for the transcription of all portions of the verbatim report of proceedings necessary to present the issues raised on review."). Because of the protracted nature of this dissolution and the extensive use of the courts to resolve the disputes, this court overlooks this non-compliant procedure in order to preserve scarce judicial resources. RAP 1.2(a), (c).

2

However, it found no contempt or intransigence and therefore no basis for a fee award. Mariusz appeals.

## ANALYSIS

Mariusz argues that the trial court erred in not awarding him attorney fees because Barbara's attempt to collect the 1987 debt had no legal or factual basis. He notes that the 1999 dismissal extinguished that judgment under RCW 26.09.060(10)-(11). He argues that Barbara's repeated attempts to enforce the judgment, first in April 2008 and then again in July 2008, amounted to intransigence, and therefore he should be compensated for his attorney fees. He also argues that he is entitled to fees under the hold harmless clause of the 2005 decree. Finally, he argues that Barbara's actions were frivolous, and therefore he is entitled to recover his fees under RCW 4.84.185. We disagree in all respects.

A.   INTRANSIGENCE

The trial court specifically found that Barbara was not contemptuous and intransigent in pursuing the back support. We review such a factual determination for a manifest abuse of discretion. *In re Marriage of Griffin*, 114 Wn.2d 772, 776, 791 P.2d 519 (1990). "A manifest abuse of discretion is a decision manifestly unreasonable or exercised on untenable grounds or for untenable reasons." *In re Marriage of Thomas*, 63 Wn. App. 658, 660, 821 P.2d 1227 (1991). A trial court may find intransigence when "demonstrated by litigious behavior, bringing excessive motions, or discovery abuses." *In re Marriage of Wallace*, 111 Wn. App. 697, 710, 45 P.3d 1131 (2002).

> "Intransigence is the quality or state of being uncompromising." *In re Marriage of Schumacher*, 100 Wn. App. 208, 216, 997 P.2d 399 (2000); *see, e.g., In re Marriage of Foley*, 84 Wn. App. 839, 846, 930 P.2d 929 (1997) (appellant filed "numerous frivolous motions," refused to show up for his deposition, and

refused to read correspondence from the opposing party's attorney); *see also Eide v. Eide*, 1 Wn. App. 440, 462 P.2d 562 (1969) (appellant tampered with exhibits).

*In re Marriage of Larson and Calhoun*, 178 Wn. App. 133, 147, 313 P.3d 1228 (2013), *petition for review filed*, No. 89862-6 (Wash. Feb. 4, 2014).

Mariusz has not provided the verbatim report of proceedings and thus this court does not have the benefit of any in-court discussions of this issue. The trial court's order simply says there was no contempt or intransigence. In light of the limited record that we do have, which includes Barbara's declaration explaining why she sought enforcement of the judgment, it is apparent that once she obtained an attorney, she recognized that she did not have a legal basis to enforce it. After advising DCS to stop collecting on the judgment, she had to defend herself against Mariusz pursuit of the $300 that DCS had garnished. In light of this, it was not unreasonable for the trial court to find no contempt or intransigence. The trial court did not abuse its discretion in denying Mariusz's motion for attorney fees.

B.    HOLD HARMLESS CLAUSE

In the alternative, Mariusz contends that because Barbara initiated a "collection action" against him, under the 2005 decree she had an obligation to hold him harmless for any costs and attorney fees that he incurred defending against it. We disagree.

Initially, while Mariusz raised his hold harmless claim in his show cause motion, nothing in the record provided shows that the trial court considered it. It was incumbent on Mariusz to raise the issue and obtain a ruling so this court could review it. *See In re Marriage of Ochsner*, 47 Wn. App. 520, 528, 736 P.2d 292 (1987) (refusing to consider trial court's denial of attorney fees because record did not include report of proceedings for separate hearing held on that issue). As a result, we need not address this issue.

4

In any event, hold harmless provisions are intended to protect the divorcing parties from third party complaints. *See In re Marriage of Greenlee*, 65 Wn. App. 703, 710, 829 P.2d 1120, 1124 (1992) ("respondent had a clear legal right to be held harmless with respect to the [Internal Revenue Service]'s claim against her former husband"). This was not a third party enforcement action and the clause simply does not apply.

C.      RCW 4.84.185

Mariusz also claims that he is entitled to fees and costs under RCW 4.84.185 because Barbara's pursuit of the past judgment was frivolous and advanced without reasonable cause. RCW 4.84.185 provides for an award of attorney fees and costs to the party defending against frivolous claims. We review a trial court's denial of a request for attorney fees under this statute for an abuse of discretion. *Protect the Peninsula's Future v. City of Port Angeles*, 175 Wn. App. 201, 218, 304 P.3d 914, *review denied*, 178 Wn.2d 1022 (2013).

As with the issue of intransigence, Mariusz has not provided copy of the verbatim report of proceedings for our review. The trial court's order simply says there was no contempt or intransigence. It does not address whether this action was frivolous. As such, Mariusz has not preserved it for our review and we address it no further.

No. 44197-7-II

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, J.

We concur:

_____
HUNT, J.

_____
BJORGEN, J.