FILED
COURT OF APPEALS
DIVISION II

2014 JUL -8 AM 10: 09

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

In re Marriage of:

| | |
|---|---|
| JOSEPH SCOTT CHAUSSEE, | No. 43948-4-II |
| Appellant, | |
| v. | |
| BREE ANNE FEIL, | UNPUBLISHED OPINION |
| Respondent. | |

HUNT, J. — Joseph Scott Chaussee appeals the superior court's (1) order requiring him to pay postsecondary educational child support to Bree Ann Feil, the mother of their son, Tanner Chaussee; and (2) denial of his motion to deny or to dismiss Feil's motion to adjust child support. Chaussee argues that (1) Feil incorrectly filed a motion for adjustment, instead of a proper petition for modification, and failed to pay filing fees; (2) Feil did not timely file her motion for adjustment, because Tanner already reached the age of majority; (3) Feil presented speculative evidence of Tanner's educational expenses; (4) the superior court incorrectly relied on the "'law of the case'"[1] doctrine in reaching its decision; and (5) Feil lacked authority under the 2011 child support order to request postsecondary support for Tanner. Chaussee also asks us to reverse the superior court's denial of his request for attorney fees below; and both parties request attorney fees on appeal.

---

[1] Br. of Appellant at 25.

No. 43948-4-II

We affirm the superior court's grant of Feil's motion for adjustment for postsecondary education and the superior court's denial of Chaussee's request for attorney fees below. We deny both parties' requests for attorney fees on appeal.

FACTS

Joseph Scott Chaussee and Bree Ann Feil are the parents of Tanner Chaussee,[2] born on May 4, 1994.[3] Chaussee and Feil separated when Tanner was very young; and Chaussee became responsible for paying child support under a court order entered in 2005.

I. PROVISIONS FOR POSTSECONDARY EDUCATION CHILD SUPPORT

This 2005 child support order contained a postsecondary education support provision that allowed a party to request postsecondary support before a child reached the age of majority or graduated from high school. Because Chaussee was later unemployed, on April 22, 2011, the superior court entered another child support order modifying Chaussee's payment obligations. This April 2011 order reiterated the parties' 2005 support order rights to request post secondary education support: "The provisions for post secondary educational support in the Order of Child Support entered on [April 22, 2005] are in full force and effect." Suppl. Clerk's Papers (CP) at 197. Later that year, Chaussee became re-employed. On November 21, 2011, the superior court modified the April 2011 child support order to reflect Chaussee's new payment obligations based on his new income.

_____

[2] To prevent confusion, we refer to Tanner Chaussee as Tanner, we intend no disrespect.

[3] They are also the parents of PC, for whom child support is not at issue in this appeal. It is appropriate to provide some confidentiality in this case. Accordingly initials will be used in the body of the opinion to identify juveniles.

2

The superior court simultaneously modified the periodic postsecondary educational support and periodic adjustment provisions to read:

3.13    TERMINATION OF SUPPORT

Support shall be paid until the children reach the age of 18, or as long as the children remain(s) enrolled in high school, whichever occurs last, except as otherwise provided below in Paragraph 3.14.

3.14    POST SECONDARY EDUCATIONAL SUPPORT

The right to request post secondary support is reserved, provided that the right is exercised before support terminates as set forth in paragraph 3.13.

. . . .

3.16    PERIODIC ADJUSTMENT

. . . . It is contemplated that in May 2012 there shall be a post-secondary [sic] modification. There shall be no adjustments due to any unemployment between this date [and] May 2012. Support for the minor child [and] any request for post-secondary support may be made by motion before the commissioner.

Clerk's Papers (CP) at 8. Chaussee neither challenged nor appealed the November 2011 child support order.

II. MOTION REQUESTING POSTSECONDARY EDUCATION CHILD SUPPORT

Tanner turned 18, the age of majority, on May 4, 2012, and graduated from Eastmont High School in Wenatchee on June 8, 2012. He planned to attend Wenatchee Valley College while living at home with Feil and later transfer to Shoreline Community College for their Toyota Certified Mechanic certification program. On May 21, 2012, before Tanner graduated from high school, Feil filed a motion to adjust child support, asking the superior court to allocate expenses for Tanner's postsecondary education support.

The superior court reviewed published information about the costs of attending Wenatchee Valley College, Feil's W-2 earning statements from 2009 through 2011, Feil's tax returns from 2009 through 2011, and Feil's earning statements for the year 2012, and Chaussee's total monthly income, household expenses, debt expenses, monthly expenses, and earning statements for the years 2011 and 2012. The superior court also held a hearing at which Chaussee argued that (1) Feil had failed to file a proper petition to adjust child support and had failed to pay the relevant filing fees, (2) Feil lacked authority to request postsecondary education support under the court's November 2011 order, and (3) Chaussee deserved an award of attorney fees because of the parties' disparity in income and his need for attorney fees. Chaussee conceded, however, that he had neither moved to revise nor appealed the November 2011 child support order.

The superior court ruled that (1) because Chaussee had failed to appeal or to seek revision of the November 2011 child support order, the doctrines of law of the case, waiver, and estoppel applied; and (2) thus, it was not necessary to "go through some sort of a formal petition process" because the November 2011 order provided that the motion process could be used for an adjustment of postsecondary support.[4] Verbatim Report of Proceedings (VRP) at 27. The

---

[4] The superior court noted that, although RCW 26.09.175(1) provides that a "petition" "shall" be used for an adjustment of postsecondary support, that the "AOC" (Administrator of Courts) mandatory forms say, "[M]otion." Verbatim Report of Proceedings (VRP) at 28. The superior court also stated that Feil's failure to pay the "$20 filing fee" was an issue for the clerk's office. VRP at 27.

superior court granted Feil's motion for adjustment for postsecondary education child support.

This adjusted child support order stated that based on the parents' individual incomes, Chaussee would pay 38.7 percent of the costs of Tanner's postsecondary education costs, less transportation and personal costs; Feil would pay 61.3 percent of Tanner's postsecondary education costs; and Tanner would pay his own transportation and personal expenses. Chaussee appeals this order.

## ANALYSIS

### I. MOTION FOR ADJUSTMENT OF CHILD SUPPORT FOR SECONDARY EDUCATION

#### A. Procedure Used Was Harmless Error

Chaussee first argues that the superior court erred in failing to dismiss Feil's motion for adjustment of child support because Feil did not properly petition to modify the child support order and failed to pay the court's filing fees, which failures warranted dismissal of her motion. We disagree.

Chausee is correct that under RCW 26.09.175, the proper procedure to modify a child support order is a petition for modification. Nevertheless, we adopt the rationale of *In re Marriage of Morris*, 176 Wn. App. 893, 309 P.3d 767 (2013), in which Division One of our court held that filing a motion pleading, as Feil did here, instead of filing a petition for modification, is harmless error. In *Morris*, petitioner Reyes filed a motion for adjustment for postsecondary educational support for their daughters, after the oldest had been accepted by the University of Washington. *Morris*, 176 Wn. App. at 896. Division One held that Reyes' use of a motion for adjustment, instead of a petition for modification, was harmless error because (1) Morris did not identify if and how he was harmed by any procedural deficiencies; (2) the

superior court considered the motion for revision based on the parties' declarations, financial documents, and legal arguments; and (3) Morris failed to establish any prejudice. *Morris*, 176 Wn. App. at 903. Division One further noted that equities strongly favored affirming the superior court's disregard of the erroneous choice of procedure and forms because Morris had identified no resulting prejudice, the mandatory form for a petition for modification did not contemplate "raising a reserved right to petition for postsecondary support[, and t]he equities strongly favor affirming the trial court's disregard of the erroneous choice of forms and its recognition and treatment of this case as a modification." *Morris*, 176 Wn. App. at 904.

Here, like Reyes in the *Morris* case, Feil's using a motion for adjustment was harmless error because (1) Chaussee fails to identify how this procedural deficiency prejudiced his case; and (2) the superior court thoroughly considered the parties' declarations, financial statements, and legal arguments and held a hearing with oral arguments. The superior court also reviewed published information about the costs of attending Wenatchee Valley; Feil's W-2 earning statements from 2009 through 2011, tax returns from 2009 through 2011, and earning statements from the year 2012; and Chaussee's total monthly income, household expenses, debt expenses, monthly expenses, and earning statements for the years 2011 and 2012.

Chaussee having failed to show how the alleged procedural deficiency prejudiced his case, we adopt and apply *Morris* here and hold that Feil's use of the motion for adjustment was

harmless error.[5]   Accordingly, we affirm the superior court's adjusted child support order that Chaussee pay a share of Tanner's postsecondary education costs.

### B. Motion Was Timely

Chaussee also argues that the superior court erred in granting Feil's motion for adjustment of child support because she failed to exercise the right to postsecondary support before Tanner reached the age of majority.  Feil responds that her motion for adjustment was timely filed before Tanner graduated from high school on June 8, 2012, which, under the terms of the November 2011 child support order was the controlling later of the two listed events.  We agree with Feil.

Interpretation of a child support order presents a question of law, which we review de novo. *In re Marriage of Sagner*, 159 Wn. App. 741, 749, 247 P.3d 444 (2011).  If an order is unambiguous, there is nothing for us to interpret. *In re Marriage of Bocanegra*, 58 Wn. App. 271, 275, 792 P.2d 1263 (1990).  We construe child support orders as a whole, giving meaning and effect to each provision. *See Stokes v. Polley*, 145 Wn.2d 341, 346-47, 37 P.3d 1211 (2001).

---

[5] In light of this holding, we do not address Chaussee's argument that the superior court erred in basing its August 2012 support modification ruling on the "law of the case" doctrine.  Br. of Appellant at 25.  Also, we do not address Chaussee's argument that the superior court erred in ruling that Feil had authority to file a motion to modify and to request postsecondary support based on the language of the November 21, 2011 order, asserting that the language of the November 2011 order was not clear.  But Chaussee fails to support this argument with citation to legal authority, in violation of RAP 10.3(a)(6).  We do not review issues that a party inadequately briefs or treats in passing. *State v. Thomas*, 150 Wn.2d 821, 868-69, 83 P.3d 970 (2004); *State v. Cox*, 109 Wn. App. 937, 943, 38 P.3d 371 (2002).

Here, the November 2011 child support order unambiguously provided that the parties reserved the right to request postsecondary educational support, provided that they exercised such right *before the later of* the child's reaching the age of 18 or as long as the child remained in high school.[6] The child support order unambiguously states that the parties have a "right to request,"[7] which Feil clearly exercised before termination of support by filing her motion for adjustment: Tanner turned 18 on May 4, 2012, and graduated from high school on June 8, 2012. Feil filed the motion for adjustment for postsecondary educational support on May 21, 2012, *before* Tanner graduated from high school. Because Feil filed her motion for adjustment before Tanner graduated from high school, the later of the two dates specified in the November 2011 child support order, she timely exercised her right to request postsecondary support before the termination of support from Chaussee. Chaussee's arguments fail.[8]

---

[6] The specific terms read:

3.13. TERMINATION OF SUPPORT
Support shall be paid until the children reach the age of 18, or as long as the children remain(s) enrolled in high school, *whichever occurs last,* except as otherwise provided below in Paragraph 3.14.
3.14 POST SECONDARY EDUCATIONAL SUPPORT
The right to request post secondary support is reserved, provided that the right is exercised before support terminates as set forth in paragraph 3.13.

CP at 8 (emphasis added.)

[7] CP at 8.

[8] Chaussee contends that the child support order did not specify the manner in which Feil could "exercise" her right to request post secondary support and, accordingly, she failed to "exercise" her statutory right to request postsecondary support before Chaussee's obligation to support for Tanner terminated. Br. of Appellant at 18. Chaussee's contention is contrary to the plain language of the child support provisions and would lead to absurd result of the type that we are bound to avoid. *See Eurick v. Pemco Ins. Co.,* 108 Wn.2d 338, 341, 738 P.2d 251 (1987).

## II. POSTSECONDARY SUPPORT AWARD NOT SPECULATIVE

Chaussee next argues that the superior court erred in requiring him to pay a portion of Tanner's postsecondary educational support because the award was based on speculation that Tanner would attend college and incur postsecondary educational expenses. We hold that the superior court properly considered evidence relating to Tanner's education expenses and the parties' relative incomes; thus, Chaussee's argument fails.

We review child support modifications for abuse of discretion. *In re Marriage of Fiorito,* 112 Wn. App. 657, 663, 50 P.3d 298 (2002). A court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or reasons. *Fiorito,* 112 Wn. App. at 663-64. The superior court has broad discretion to order child support for postsecondary education. *See* RCW 26.19.090(2), *In re Marriage of Newell,* 117 Wn. App. 711, 718, 72 P.3d 1130 (2003). Substantial evidence must also support a superior court's findings. *In re Marriage of Schumacher,* 100 Wn. App. 208, 211, 997 P.2d 399 (2000). Substantial evidence is that which is sufficient to persuade a fair-minded person of the truth of the declared promise. *In re Marriage of Hall,* 103 Wn.2d 236, 246, 692 P.2d 175 (1984). We may not disturb findings of fact supported by substantial evidence even if there is conflicting evidence. *In re Marriage of Lutz,* 74 Wn. App. 356, 370, 873 P.2d 566 (1994).

RCW 26.19.090(2) gives the superior court discretion to determine how long to award postsecondary education support, and it provides a non-exhaustive list of factors a superior court

can consider.[9] To receive postsecondary educational support, the child "must enroll in an accredited academic or vocational school, must be actively pursuing a course of study commensurate with the child's vocational goals, and must be in good academic standing as defined by the institution." RCW 26.19.090(3). If the child fails to comply with such conditions, the parent's postsecondary educational support obligation is automatically suspended for the period(s) during which the child fails to comply. RCW 26.19.090(3).

Chaussee asserts that (1) Feil's documentation of Tanner's postsecondary education was based on speculative tuition fees and housing costs, (2) Feil's declaration of payment expenses is not sufficient proof of actual payment, and (3) Feil failed to introduce any competent evidence about Tanner's future college expenses. Chaussee is incorrect. At the time of the hearing, Tanner had already been admitted to Wenatchee Valley College.

The superior court reviewed evidence of Tanner's plan to attend Wenatchee Valley College in the fall of 2012 while living with Feil and later to transfer to Shoreline Community College to obtain a Toyota Certified Mechanic certification. In its determination, the superior court considered the cost of tuition and living expenses published by the Wenatchee Valley

---

[9] RCW 26.19.090(2) provides:

When considering whether to order support for postsecondary educational expenses, the court shall determine whether the child is in fact dependent and is relying upon the parents for the reasonable necessities of life. The court shall exercise its discretion when determining whether and for how long to award postsecondary educational support based upon consideration of factors that include but are not limited to the following: Age of the child; the child's needs; the expectations of the parties for their children when the parents were together; the child's prospects, desires, aptitudes, abilities or disabilities; the nature of the postsecondary education sought; and the parents' level of education, standard of living, and current and future resources. Also to be considered are the amount and type of support that the child would have been afforded if the parents had stayed together.

10

College. Because the Wenatchee Valley College estimate did not cover living expenses for students living with their parents, the superior court considered the cost of attendance based on a Highline Community College publication, which has similar tuition costs but takes into consideration the cost of living at home. Such evidence was not speculative and supports the superior court's findings. *See In re Parentage of Goude*, 152 Wn. App. 784, 792-93, 219 P.3d 717 (2009).

We hold that the superior court did not abuse its discretion in ordering Chaussee to pay his reasonably calculated share of Tanner's postsecondary education expenses.

### III. ATTORNEY FEES

#### A. Chaussee

Chaussee argues that the superior court erred in failing to award him attorney's fees below; he also requests attorney fees on appeal under RCW 26.18.160.[10] Chaussee is not entitled to attorney fees below or on appeal. Under RCW 26.18.160, a superior court may order a party to pay attorney fees after considering both parties' financial resources. An award of attorney fees under this statute is within the sound discretion of the court and depends on the need of the recipient and the other party's ability to pay. *In re Marriage of Ochsner*, 47 Wn. App. 520, 528, 736 P.2d 292, *review denied*, 108 Wn.2d 1027 (1987). Chaussee's reliance on RCW 26.18.160 is misplaced: RCW 26.18.160 provides that the prevailing party in an action is entitled to recovery of costs, including an award for reasonable attorney fees; but "[a]n obligor may not be

---

[10] Chaussee asserts that because Feil requests attorney fees on appeal, he should be awarded fees on appeal because "[w]hat is good sauce for the goose is good sauce for the gander." Reply Br. of Appellant at 13 (internal quotation marks omitted).

considered a prevailing party under this [statute] unless the obligee has acted in bad faith." Because we affirm the superior court's order of postsecondary education child support, Chaussee is not the prevailing party; therefore, he is not entitled to attorney fees.

## B. Feil

Feil does not appeal the superior court's denial of her request for attorney fees, but she requests attorney fees on appeal. We affirm the superior court's denial of Feil's request for attorney fees and deny both parties' requests for attorney fees on appeal.

RAP 18.1 authorizes attorney fees on appeal if provided by applicable law. After considering the financial resources of both parties, we have discretion to award attorney fees to the prevailing party. RCW 26.09.140. To receive attorney fees under RCW 26.09.140, however, the requesting party must show her need and the other's ability to pay fees. *In re Marriage of Konzen*, 103 Wn.2d 470, 478, 693 P.2d 97 (1985). A party relying on a financial need theory for recovery of attorney fees must submit an affidavit of need "no later than 10 days prior to the date the case is set for oral argument or consideration on the merits." RAP 18.1(c). Because Feil relies on RCW 26.09.140, a financial need theory for an award of attorney fees on appeal, she must provide an affidavit of need, as required by RAP 18.1(c). *In re Marriage of Hoseth*, 115 Wn. App. 563, 575, 63 P.3d 164, *review denied*, 150 Wn.2d 1011 (2003). But because Feil has not submitted such an affidavit, she cannot receive attorney fees on appeal. RAP 18.1(c).

Feil also asserts that she is entitled attorney fees on appeal under RCW 26.09.140 and RAP 18.9 because Chaussee filed a frivolous appeal. We disagree: Chaussee's appeal was not frivolous. On the contrary, Feil's procedural mistake below was a prime reason for Chaussee's

No. 43948-4-II

appeal. *See Morris*, 176 Wn. App. at 910. Accordingly, we deny Feil's request for attorney fees on appeal.

We affirm the superior court's grant of Feil's motion for adjustment to provide postsecondary education child support. We affirm the superior court's denial of Chaussee's request for attorney fees below. And we deny both parties' requests for attorney fees on appeal.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Hunt, J.

We concur:

Bjorgen, A.C.J.

Maxa, J.

13