# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STEVEN HOLLOWAY, | No. 51019-7-II |
| Petitioner, | |
| v. | |
| TONI JUSTICE (fka HOLLOWAY), | UNPUBLISHED OPINION |
| Respondent. | |

Lee, J. — Steven Ray Holloway appeals the superior court's order modifying spousal maintenance for his former wife, Toni Justice. Holloway also appeals the superior court's order awarding Justice attorney fees. We affirm the superior court's order modifying maintenance, but we reverse the superior court's order awarding Justice attorney fees and remand for further proceedings consistent with this opinion.

## FACTS

In May 2013, the superior court entered a decree of dissolution for Holloway and Justice's marriage. The decree required Holloway to pay Justice spousal maintenance, stating, "The husband shall pay the wife $1100 per month for 48 months." Clerk's Papers (CP) at 70. Four years later, Justice began proceedings to modify the spousal maintenance provision in the dissolution decree.

A.     MOTION FOR MODIFICATION

In April 2017, Justice filed a motion to modify the dissolution decree and extend spousal maintenance.  Justice claimed that there had been a substantial change in circumstances because Holloway had decided not to retire from the military in 2017, contrary to her understanding that he would retire at that time.  If Holloway had retired, Justice would have begun receiving a portion of Holloway's retirement benefits when the maintenance payments expired.

Justice supported her assertion with two emails: one in which Holloway stated that he would pay maintenance "until I get out" and another stating that Holloway entered the military in 1997, to show that 2017 marked 20 years of service in the military for Holloway.  CP at 121.  In December 2016, Holloway notified Justice that he was "not retiring yet" from the military and implied that he would not be retiring until summer 2019.  CP at 125.  Justice requested that spousal maintenance be extended until the date Holloway retired from the military.  Holloway objected to the modification.

A superior court commissioner denied Justice's motion to modify spousal maintenance.  Specifically, the commissioner found that no substantial change in circumstances had occurred.

B.     ATTORNEY FEES

On June 27, prior to the Commissioner's ruling, Justice filed a reply declaration to Holloway's declaration.  In her reply declaration, Justice requested that she be awarded attorney fees. It appears that Holloway made a motion to strike the request for attorney fees.[1]

---

[1] There is no motion to strike in the record before this court.  The hearing before the commissioner was not transcribed and provided to this court.  Therefore, if Holloway made an oral motion to

No. 51019-7-II

On June 29, the commissioner granted Holloway's motion to strike Justice's request for attorney fees in her reply and denied Justice's request for attorney fees without prejudice.

C.    MOTION FOR REVISION

Justice filed a timely motion for revision of the commissioner's order denying Justice's motion to modify spousal maintenance. Justice also filed a timely motion for revision of the commissioner's order regarding attorney fees. In her motion for revision, Justice stated,

> Commissioner Ahrens erred by ordering that Petitioner's motion to strike Respondent's strict reply declaration re: request for attorney's fees is granted, but Respondent's request for attorney's [fees] is denied without prejudice. This order should be revised.

CP at 155-56.

On July 21, the superior court held a hearing on the motion for revision. As the hearing began, Holloway stated, "I've got a preliminary motion to strike provision or a section of Ms. Justice's strict reply declaration. . . . It's the section that's titled, Request for Attorney's Fees." Verbatim Report of Proceedings (VRP) (July 21, 2017) at 2. There was some confusion expressed by the trial court about whether they were talking about the motion for revision of the Commissioner's ruling. Justice explained,

> I can answer that. What initially happened is Commissioner Ahrens had granted [Holloway's] motion to strike that portion of the strict reply, but also said it doesn't preclude [Justice] from bringing a motion for attorney's fees separately. So, of course, if the Court wants to leave that ruling in place, we may bring a motion for attorney's fees separately. But we're asking that the Court include our request for attorney's fees today in the interest of judicial economy and have all of our requests for relief heard at the same time.

strike the request, this court does not have a record of it. However, the Commissioner's order clearly rules on a motion to strike.

VRP (July 21, 2017) at 5.  The superior court apparently decided to consider Justice's statement as a request for attorney fees and offered Holloway additional time to respond to the request.  The superior court entered a written order denying Holloway's motion to strike Justice's request for attorney fees.  The superior court also provided a schedule for filing additional declarations regarding attorney fees and continued the hearing on the motions for revision.

On August 4, the superior court granted the motion for revision.  The superior court found that Holloway's "decision to remain on active duty service beyond twenty years" was a substantial change in circumstances.  CP at 195.  The superior court ordered spousal maintenance to be continued in the amount $700 per month until Holloway retired from the military.  The superior court also awarded Justice attorney fees.  Holloway filed a timely motion for reconsideration, which the superior court denied.

Holloway appeals the superior court's modification order and award of attorney fees to Justice.[2]

ANALYSIS

A.    MODIFICATION OF MAINTENANCE

Holloway argues that the superior court abused its discretion by finding that there was a substantial change in circumstances that justified modification of maintenance.  We disagree.

---

[2] Justice argues that Holloway has not timely appealed the superior court's order on attorney fees because he should have appealed the superior court's July 21, 2017 order.  However, only final judgments are appealable without filing a motion for discretionary review.  No final judgment was entered in this case until the superior court denied reconsideration of its August 4 order on revision.  *See* RAP 2.2(a).  Therefore, Holloway can properly challenge the July 21, 2017 order as part of his appeal of the revision order in this case.  RAP 2.4(b).

We review the superior court's modification of maintenance for an abuse of discretion. *In re Marriage of Ochsner*, 47 Wn. App. 520, 524-25, 736 P.2d 292, *review denied*, 108 Wn.2d 1027 (1987). The superior court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds. *Ochsner*, 47 Wn. App. at 525.

RCW 26.09.170(1) governs the modification of spousal maintenance. Under RCW 26.09.170(1)(b), the superior court may modify maintenance only when the moving party has shown a "substantial change of circumstances." A substantial change in circumstances includes a fact that is unknown to the trial court or an unanticipated fact that arises after entry of the decree. *In re Marriage of Tomsovic*, 118 Wn. App. 96, 105, 74 P.3d 692 (2003).

Here, the superior court found that the parties anticipated that Justice would receive maintenance until Holloway retired and that Holloway would retire in 2017, 4 years after the dissolution was finalized. It was not anticipated that Holloway would remain in the military past 20 years of service. As a result, the superior court found that Holloway's decision not to retire constituted a substantial change in circumstances.

Because Holloway's change in retirement date was unanticipated at the time of the original decree, the superior court did not abuse its discretion by concluding that a substantial change of circumstances occurred. Accordingly, we affirm the superior court's order granting revision and modifying maintenance.

B. ATTORNEY FEES

Holloway also argues that the superior court exceeded its statutory authority by considering the merits of the request for attorney fees in a motion to revise the commissioner's ruling. We agree.

RCW 2.24.050 provides authority for the superior court to revise commissioner rulings. Under RCW 2.24.050 requires that "[s]uch revision shall be upon the records of the case, and the findings of fact and conclusions of law entered by the court commissioner." Therefore, a superior court may not consider additional evidence when considering a motion to revise a commissioner's ruling. *In re Marriage of Moody*, 137 Wn.2d 979, 992-93, 976 P.2d 1240 (1999).

Here, Justice specifically raised the issue of attorney fees in her motion to revise the Commissioner's ruling. Therefore, the superior court could not consider additional evidence in revising the Commissioner's ruling. If the superior court determined that it was appropriate to revise the Commissioner's ruling denying Justice's request for attorney's fees, then the superior court should have remanded Justice's request for attorney's fees back to the Commissioner for consideration. Because the superior court considered additional evidence, the superior court erred. Therefore, we reverse the superior court's order awarding Justice attorney fees and remand for the superior court to determine attorney fees based on the evidence that was before the commissioner at the time the commissioner made its ruling.

ATTORNEY FEES ON APPEAL

In her "Conclusion," Justice states, "Further, pursuant to RAP 18.1 and RCW 26.09.140 Respondent requests her reasonable attorney's fees and costs." Amended Br. of Resp't at 31.

However, RAP 18.1(b) provides, "[t]he party must devote a section of its opening brief to the request for the fees or expenses." Here, Justice has failed to comply with RAP 18.1. Accordingly, we deny her request for attorney fees on appeal.

We affirm the superior court's order modifying maintenance, but we reverse the superior court's order awarding Justice attorney fees and remand for further proceedings consistent with this opinion.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Maxa, C.J.

Melnick, J.