IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Marriage of: | No. 85271-0-I |
| JAMES KIM, | DIVISION ONE |
| Appellant, | UNPUBLISHED OPINION |
| And | |
| KUM KIM (A/K/A: SARAH JUNG), | |
| Respondent. | |

HAZELRIGG, A.C.J. — James Kim appeals from the trial court's denial of his petition to modify a spousal maintenance order. Finding no error, we affirm.

FACTS

Kim's marriage to Sarah Jung[1] was dissolved on May 3, 2004. The dissolution court found, based on an agreement of the parties, that "[t]here is a need for spousal maintenance in the amount of $3,000.00 per month for basic living expenses" and ordered Kim to pay that amount until Jung's remarriage, when the monthly amount would decrease to $2,000.00.

In April 2022, Kim filed a petition to modify the spousal maintenance order. He alleged that his "income decreased significantly since 2003 to under $72,000

---

[1] The record indicates that Jung changed her name from Kum Kim to Sarah Jung at some point subsequent to the 2004 dissolution and James Kim recognized the name change by including it as an AKA designation in the caption of his petition to modify spousal maintenance. Accordingly, we refer to the respondent by her current last name.

in 2021" and his "[c]urrent business income over the past 3 months is approximately $16,000."

In November 2022, Jung filed a response to Kim's modification petition and asked that it be denied. The trial court subsequently entered an order indicating that "[b]ased on the evidence provided, [it] d[id] not have sufficient information to move forward with this matter." It issued a revised case schedule and directed the parties to comply with King County Local Family Law Rules (LFLR) 10 and 14, which require, among other things, that the party petitioning for a modification of spousal maintenance file and serve a financial declaration and certain financial documents.

In February 2023, Kim filed a trial memorandum in which he represented that his historical income, as a sole legal practitioner, was as follows:

| 2003 | $78,008.00 | |
| 2004 | $65,690.00 | |
| | | |
| 2017 | $34,587.00 | |
| 2018 | $43,066.00 | |
| 2019 | $91,789.00 | Includes $2550 for non-legal service |
| 2020 | $64,533.00 | |
| 2021 | $71,683.00 | |

Kim also filed copies of his 2017, 2018, and 2019 tax returns and documentation concerning a $350,000.00 loan from the Small Business Administration.

The matter proceeded to a trial by affidavit before a commissioner. The commissioner concluded that Kim did not satisfy his burden to show a substantial change of circumstances and denied his petition. Kim moved for revision, which the trial court denied; the court also clarified that the commissioner's ruling did not preclude Kim from "seeking modification based on evidence not previously

available or if circumstances change further."

Kim timely appealed.

ANALYSIS

Kim contends that the trial court erred on revision by denying his modification petition. We disagree.

"In the absence of a provision in a separation agreement to the contrary, maintenance . . . may be modified . . . only upon the showing of a substantial change of circumstances that was not within the contemplation of the parties at the time the decree was entered." *In re Marriage of Ochsner*, 47 Wn. App. 520, 524, 736 P.2d 292 (1987); RCW 26.09.170(1). A "change of circumstances" refers to "the financial ability of the obligor spouse to pay vis-à-vis the necessities of the other spouse." *Id.* "The determination whether a substantial and material change has occurred which justifies modification of maintenance . . . is within the discretion of the trial court." *Id.* at 524-25.

Here, based on Kim's notice of appeal, our review in this case is limited to the superior court's decision on revision which expressly adopted the commissioner's decision denying Kim's modification petition. *In re Marriage of Fairchild*, 148 Wn. App. 828, 831, 207 P.3d 449 (2009). In reviewing that decision, we do not reweigh the evidence or substitute our judgment for that of the trial court. *In re Marriage of Rich*, 80 Wn. App. 252, 259, 907 P.2d 1234 (1996). Instead, we reverse only if the trial court's decision was "entered on grounds either manifestly unreasonable or clearly untenable." *Ochsner*, 47 Wn. App. at 525.

The trial court had a tenable basis to conclude that Kim failed to show a

substantial change of circumstances. There was evidence that Kim's income in 2021 was comparable to his income in 2004—and, indeed, significantly higher in 2019. Although Kim argued that it had decreased when adjusted for inflation, as the trial court noted, that argument "cuts both ways given that the amount of maintenance is not rising with inflation either." The trial court also observed Kim did not identify any evidence of his expenses around the time of the original decree. Notably, Kim relied on RCW 26.09.170(9)(a) in the trial court, but that statute governs periodic adjustments *to child support*, which, unlike modifications to spousal maintenance, do not require a showing of a substantial change of circumstances.[2] Whether because of this misdirected reliance on an inapplicable statute or some other reason, Kim did not fully develop the record with regard to the asserted change in his ability to pay maintenance. Also, despite the trial court's directive that the parties comply with LFLR 10, the record does not include Kim's tax returns for the prior two years as required by LFLR 10(b)(2), or any account statements from financial institutions as required by LFLR 10(b)(4). Furthermore, Kim speculated that Jung was financially stable and no longer needed maintenance, but this was disputed. And, while the trial court found Jung's financial declaration "suspect," it correctly noted that it was Kim's burden, not Jung's, to prove a substantial change in circumstances justifying modification. *In re Marriage of Arvey*, 77 Wn. App. 817, 820, 894 P.2d 1346 (1995).

Kim contends, with regard to his historical expenses, that it would be "unreasonable to expect someone to keep such records for . . . 18 years." But the

_____

[2] As the trial court pointed out, that statute does not apply here, and Kim does not rely on it now on appeal.

trial court did not suggest that evidence of historical expenditures could only take the form of records. Kim also argues that "[h]ad the court properly viewed the evidence . . . , it would have determined that there was sufficient evidence showing a substantial change in circumstances even without his expenses in 2004." However, he cites no authority for the proposition that the trial court was required to find a substantial change of circumstances despite its determination that the record was deficient with regard to Kim's historical expenses, which inform whether there has been a substantial change in his ability to pay. Nor does Kim cite any authority that would have required the trial court to accept his financial declaration at face value, particularly in light of Jung's response declaration wherein she attested that Kim had enough income to afford luxury cars and golf memberships. *See Harrison v. Whitt*, 40 Wn. App. 178-79, 698 P.2d 87 (1985) ("Where evidence is conflicting, the trier of fact may believe the testimony of some witnesses and disbelieve the testimony of others."). Kim essentially asks us to reweigh the evidence and find it more persuasive than the trial court did, but we decline to do so. *See Snyder v. Haynes*, 152 Wn. App. 774, 779, 217 P.3d 787 (2009) ("We defer to the trial court's determinations on the persuasiveness of the evidence.").

Kim next contends the trial court erred by failing to consider the statutory maintenance factors set out in RCW 26.09.090. But those factors are considered only after the party seeking modification has shown a substantial change of circumstances. *See In re Marriage of Spreen*, 107 Wn. App. 341, 347 n.4, 28 P.3d 769 (2001) ("[O]nce the court finds that changed circumstances warrant a modification, the issues of amount and duration are the same as in the original

dissolution."). Kim fails to demonstrate that the trial court erred when it denied his modification petition.

As a final matter, Kim notes that, before trial, he moved for an order finding Jung in default on three separate occasions and each motion was denied. Kim devotes much of his briefing to arguing that Jung should have been found in default. But the orders denying Kim's motions for default were not designated in Kim's notice of appeal and are reviewable only if they prejudicially affected the decision designated in the notice, i.e., the denial of Kim's modification petition. RAP 2.4(b). The orders prejudicially affected that ruling on the petition only if it "would not have happened but for" the denials of his motions for default. *Right-Price Recreation, LLC v. Connells Prairie Cmty. Council*, 146 Wn.2d 370, 380, 46 P.3d 789 (2002).

Here, because Kim served Jung by mail, Kim would have needed to prove his entitlement to a modification even if Jung had been found in default. CR 55(b)(3). Kim does not show that he would have done so, particularly in light of the trial court's interlocutory ruling that it did not have sufficient information to proceed based on the materials Kim filed with his petition. Kim attempts to draw a link between the denial orders and the denial of his modification petition by asserting that the former "presumably led to the trial court's apparent tacit bias against [him]" during the modification trial. But we "presum[e] that a trial judge properly discharged [their] official duties without bias or prejudice," and "[t]he party seeking to overcome that presumption must provide *specific facts* establishing bias." *In re Pers. Restraint of Davis*, 152 Wn.2d 647, 692, 101 P.3d 1 (2004)

(emphasis added). Kim does not address, much less overcome, this presumption; he speculates the trial court was biased based on its rulings, but judicial rulings alone, even those that turn out to be erroneous, "almost never constitute a valid showing of bias." *Id.*; *Bus. Servs. of Am. II, Inc. v. Wafertech LLC*, 159 Wn. App. 591, 600, 245 P.3d 257 (2011) (error of law is not evidence of a trial judge's actual or potential bias). Kim fails to show that the trial court's decision to deny his modification petition was prejudicially affected by the denial orders and, thus, we do not reach them.[3] *Cf. Franz v. Lance*, 119 Wn.2d 780, 782, 836 P.2d 832 (1992) (timely appeal from order imposing sanctions brought underlying judgment up for appeal where sanctions award would "stand or fall" based on the judgment). Affirmed.

_____, ACJ

WE CONCUR:

_____, C.J.        _____, J

---

[3] To the extent Kim argues the trial court erred by not revising the denial orders, that argument fails because Kim did not timely seek revision of those orders. *See* RCW 2.24.050 (establishing demand for revision must be made within 10 days from the entry of the order or judgment of the court commissioner).